UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Betsy Messina,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Law Offices of Howard Lee Schiff, P.C.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Betsy Messina, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11001, et seq. ("MFDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Maine pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Maine.

## PARTIES

4. The Plaintiff, Betsy Messina ("Plaintiff"), is an adult individual residing in Berwick, Maine, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Law Offices of Howard Lee Schiff, P.C. ("Schiff"), is a Massachusetts business entity with an address of 340 Main Street, Suite 959, Worcester, Massachusetts 01608,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Schiff and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Schiff at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Schiff for collection, or Schiff was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Schiff Engages in Harassment and Abusive Tactics**

### FACTS

12. Within the last year, a Schiff representative "Adam" has made a series of unlawful threats to Plaintiff in an attempt to collect the Debt. Schiff threatened to arrest Plaintiff as well as seize funds from her bank account, in an attempt to collect the Debt. Schiff additionally threatened to "conduct arbitration" with Plaintiff in an attempt to collect the Debt. Plaintiff asked Schiff to clarify what arbitration meant, however Schiff refused to do so, but stated that it meant that they can take her bank account.

13. Schiff placed a call to Plaintiff at approximately 9:30p.m. in an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

16. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m. by calling her at 9:30 p.m.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in that the defendant made contact with the plaintiff at 9:30 p.m., and called the plaintiff to tell her that they would have her arrested, and they called multiple times per day knowing that she had no ability to pay, or that she believed she had an agreement already in place to pay in installments.

20. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer. The defendants were rude and used threatening tone, intimidation and instilled fear of legal process in the plaintiff.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with imprisonment if the debt was not paid.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of his property if the debt was not paid.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt, by inducing the plaintiff into believing she could rely on an agreement she made for a repayment plan with the Defendant over the phone.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE MFDCPA - 32 M.R.S.A. § 11001, et seq.**

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

27.     The Plaintiff is a "consumer" as the term is defined by 32 M.R.S.A. § 11002(3).

28.     The Plaintiff incurred a "debt" as the term is defined by 32 M.R.S.A. § 11002(5).

29.     The Defendants are a "debt collector" as the term is defined by 32 M.R.S.A. § 11002(6).

30.     The Defendants' conduct violated 32 M.R.S.A. § 11012(1)(A) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, or contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

31.     The Defendants' conduct violated 32 M.R.S.A. § 11013(1)(B) in that Defendants used profane and abusive language when speaking with the consumer.

32.     The Defendants' conduct violated 32 M.R.S.A. § 11013(2)(B)(1) in that Defendants misrepresented the character, amount and legal status of the debt.

33.     The Defendants' conduct violated 32 M.R.S.A. § 11013(2)(D) in that Defendants threatened the Plaintiff with imprisonment if the debt was not paid and such an action was either not legally possible, or contemplated by the Defendant..

34.     The Defendants' conduct violated 32 M.R.S.A. § 11013(2)(D) in that Defendants threatened the Plaintiff with seizure of his property if the debt was not paid and such an action was either not legally possible, or contemplated by the Defendant..

35.     The Defendants' conduct violated 32 M.R.S.A. § 11013(2)(J) in that Defendants employed false and deceptive means to collect a debt.

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the MFDCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendants' violations

## COUNT III
## VIOLATIONS OF MAINE'S UNFAIR TRADE PRACTICES ACT, 5 M.R.S.A. § 205-A, et seq.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

39. The Plaintiff is a "person" 5 M.R.S.A § 206(1).

40. The Debt arose from the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value, and meets the definition of a "trade" and "commerce" under 5 M.R.S.A § 206(3).

41. The Defendants' conduct violated M.R.S.A § 207 in that Defendants engaged in unfair or deceptive acts or practices in their attempt to collect the Debt.

42. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA and MFDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1) and 32 M.R.S.A. § 11054(1)(A);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and 32

    M.R.S.A. § 11031(1)(B);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), 32 M.R.S.A. § 11031(1)(D) and 5 M.R.S.A. § 213(2);

4. Punitive damages; and

5. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 21, 2011

        Respectfully submitted,

        By   /s/ Edwinna Vanderzanden

        Edwinna Vanderzanden, Esq.
        Maine Bar # 002910
        Evanderzanden@gss-lawyers.com
        Getman, Schulthess & Steere
        3 Executive Park Drive, Suite 9
        Bedford, NH 03110
        (603) 634-4300

        **Of Counsel to**
        Lemberg & Associates, LLC
        1100 Summer Street
        Stamford, CT 06905
        (203) 653-2250